## DORA SAEGER, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, December 2, 1907.

**TRIAL AND APPELLATE PRACTICE: Docket Fee: Statutory Construction.** Under the act of March 20, 1907, the trial court cannot grant an appeal unless the docket fee in the appellate court is deposited with the clerk, and an appeal granted without such deposit will be dismissed in the appellate court.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

APPEAL DISMISSED.

*J. L. Minnis* and *Higbee & Mills,* for appellant, filed brief on merits.

*N. A. Franklin, Claude C. Fogle, Earle E. Fogle* and *C. C. Fogle,* for respondent, filed brief on merits.

BROADDUS, P. J.—It has been suggested by the respondent that the appeal herein be dismissed because the appellant has failed to comply with the terms of section one, amendatory of the code of civil procedure, approved, March 20, 1907. It is to be found on page 121, Laws of Missouri 1907.

The said section reads as follows:

Section 1. "No appeal shall be allowed in any civil cause by any trial court to the Supreme Court, Kansas City Court of Appeals or St. Louis Court of Appeals until the docket fee of ten dollars in such appellate court shall have first been deposited with the clerk of the trial court."

The appellant contends that the matter is not brought before this court by proper abstract on part of respondent. It is sufficient to say that a question of jurisdiction like this can be raised by suggestion or any other manner before or after a submission of the case to the court. Prior to the adoption of this statute the ten-dollar fee required to be paid by appellant under the law was required to be paid to the clerk of the appellate court after an appeal was granted but the statute now is, as we have seen that no appeal should be granted until the said fee is first deposited with the clerk of the trial court. The payment of this fee in the manner provided is as much a prerequisite to be complied with before an appeal can be granted as the making of an affidavit for an appeal. It was the intention of the Legislature to prevent delay in such cases. Heretofore a party might take his appeal and fail to perfect it for trial in the appellate court until such time as the respondent in order to have the matter finally determined would be compelled to pay the fee himself and to procure a transcript of the proceedings and deposit it with the appellate court. Much delay was occasioned by such practice.

The appellant having failed to comply with the statute the appeal is dismissed. All concur.